## STATE BANK OF COWGILL, Respondent, v. C. N. TUCKER et al., Appellants.

### Kansas City Court of Appeals, November 22, 1915.

1. **BILLS AND NOTES: Venue: Action: Plaintiff and Defendant: Residence.** An action may be instituted in the county where the plaintiff resides against a defendant not residing in the county, if he be afterwards found there and served with process, although such defendant was not in the county when the suit was instituted.

2. **CORPORATION: Suspension: Cancellation: Action.** A banking corporation charter and license to do business was erroneously suspended by the Secretary of State acting under authority of the statute. Afterwards the suspension was cancelled as having been ordered in error. *Held,* that such suspension did not affect the right of the bank to prosecute its action pending when the suspension was ordered and cancelled.

Appeal from Caldwell Circuit Court.—*Hon. Arch. B. Davis,* Judge.

AFFIRMED.

*J. L. Farris, Jr. & Sons* for appellants.

*Paul D. Kitt* for respondent.

ELLISON, P. J.—Plaintiff's action is founded on three promissory notes aggregating about four thousand dollars. The judgment in the trial court was for the plaintiff.

The first question relates to the jurisdiction of the trial court. The action was brought in Caldwell county where plaintiff resided. But defendant resided in Ray county. Plaintiff filed its petition with the clerk of the circuit court of Caldwell county and sued out a summons directed to the sheriff of that county, who returned it to the following term of court not executed. An alias was then taken out by plaintiff and this was afterwards served on defendants in Caldwell county while they were temporarily in the latter county.

The statute (Sec. 1751, R. S. 1909) reads that "Suits instituted by summons shall . . . be brought . . . in the county within which the plaintiff resides and the defendant may be found." The statute (section 1756) provides that suits are deemed to be instituted by filing a petition and suing out a summons.

Defendants' point is that these statutes make necessary that the nonresident defendant must be found in the plaintiff's county *at the time* the suit is instituted. The suit is instituted by filing the petition and suing out a summons. Giving defendants' view a literal interpretation, a defendant must not only be in the county when the summons is delivered to the sheriff, but he must also be found there at that moment. In such sense the statute would be impracticable. The understanding and practice of the bar has been that a resident plaintiff who has begun his action may get valid service on a nonresident defendant who afterwards comes into the county. It will be understood that we are not now referring to instances where the conduct of a plaintiff may amount to an abuse of process.

The next point of defence is that after the institution of this action and after service of the summons,

but before it was tried, to-wit, on October 21, 1913, the Secretary of State under section 8, Laws 1913, p. 169, "suspended the charter and license" of the plaintiff bank for failure to register as required by the statute, and this suspension was posted by the recorder of deeds in Caldwell county, as required by that statute. But in a few days thereafter, on November 5, 1913, before this cause was tried, this suspension was cancelled by the Secretary of State as having been ordered "in error."

It seems to be the view of defendants that the suspension of the charter of plaintiff bank had the effect to destroy its power to prosecute the action, even though the suspension was an error and was cancelled before the trial. In this we think defendants are in error.

The judgment should be affirmed. All concur.